IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00480-BNB

GARY DEWILLIAMS,

      Applicant,

v.

RENE G. GARCIA,

      Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 7 2011

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

      Applicant, Gary DeWilliams, is a prisoner in the custody of the United States

Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in

Littleton, Colorado.  Mr. DeWilliams filed *pro se* an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction

and sentence imposed by this Court.  He has paid the $5.00 filing fee.

      On May 9, 2011, Magistrate Judge Boyd N. Boland ordered Mr. DeWilliams to

show cause in writing within thirty days why the application should not be denied

because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255.

Instead of responding to the show-cause order, Mr. DeWilliams filed a motion titled

"Motion for Extension of Time or Stay Proceedings Pending Completion of Mandamus,

or in Alternative, Dismiss Application With Reservation to Reopen Application."

      The Court must construe Mr. DeWilliams' filings liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied.

Mr. DeWilliams pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of false statement in violation of 18 U.S.C. § 1001 in *United States v. DeWilliams*, No. 88-cr-00064-ZLW-1 (D. Colo. Aug. 25, 1988).  Mr. DeWilliams erroneously referred to this case as "66-cr-64" in the habeas corpus application (ECF No. 2 at 2) but correctly identified it in a document titled "Deficiencies in Habeas Corpus Discovered (ECF No. 5 at 3).

On August 3, 1988, he was sentenced to a total of twenty-five years in prison. On August 25, 1988, the Court entered a "Clarification of Judgment" that Mr. DeWilliams' sentence had been imposed under the law that pre-existed the United States Sentencing Commission's promulgation of sentencing guidelines.  The Court's ruling was based on its determination that the sentencing guidelines were unconstitutional.  However, in January 1989, the Supreme Court issued its opinion in *Mistretta v. United States*, 488 U.S. 361 (1989), holding the guidelines to be constitutional.

Mr. DeWilliams appealed directly to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit), claiming that this Court should have allowed him to withdraw his guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, or at least the Court should have granted him an evidentiary hearing to allow him to demonstrate fair and just reasons for a plea withdrawal.  In affirming this Court's

2

conviction, the Tenth Circuit found that the district court conducted a proper Fed. R. Crim. P. 11 hearing, and that Mr. DeWilliams failed to present any substantial reasons to warrant either an evidentiary hearing on the motion to withdraw his guilty plea or fair and just reasons to grant such a motion. *United States v. DeWilliams*, No. 88-2225 (10th Cir. Jan. 23, 1990) (not selected for publication). On June 4, 1990, the United States Supreme Court denied certiorari review.

Approximately fifteen years later, on August 8, 2005, Mr. DeWilliams filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a petition for writ of *coram nobis* seeking to be resentenced under the sentencing guidelines. He based his claim on *Mistretta*. On August 31, 2005, this Court denied the § 2255 motion as time barred. The Court also denied the *coram nobis* petition, finding it was simply an attempt to circumvent the time limitation contained in § 2255.

Then, on September 19, 2005, Mr. DeWilliams filed *pro se* a motion to correct an illegal or unauthorized sentence pursuant to Fed. R. Crim. P. 35(a), raising the same argument as in the § 2255 motion and *coram nobis* petition. On October 27, 2005, the Court denied the motion, concluding that Fed. R. Crim. P. 35(a) did not afford an avenue for relief. The Tenth Circuit affirmed. *See United States v. DeWilliams*, No. 05-1495, 178 Fed. Appx. 819 (10th Cir. May 4, 2006) (unpublished).

On April 28, 2008, Mr. DeWilliams filed a motion titled "Motion to Amend or Modify Sentence Retroactively Pursuant to *Mistretta v. United States*, 488 U.S. 361 Decided on January 18, 1989," which the Court summarily denied on May 16, 2008, noting it "contains the same arguments previously presented before this Court. [The]

3

requested relief remains time barred under 28 U.S.C. § 2255 and relief continues to be unavailable . . . under Fed. R. Crim. P. 35(a)." On November 13, 2008, the Tenth Circuit dismissed the appeal, characterizing the motion to amend or modify sentence filed in this Court as a second or successive § 2255 motion, denying Mr. DeWilliams leave to proceed *in forma pauperis* on appeal, and directing him to pay the filing fee in full. *See United States v. DeWilliams*, No. 08-1223, 299 Fed. Appx. 801 (10th Cir. Nov. 13, 2008).

In the meantime, on December 3, 2007, Mr. DeWilliams filed a § 2241 habeas corpus application in this Court, which was denied on September 30, 2009, because the application was "thinly veiled," "brought in title only under 28 U.S.C. § 2241," and "again [sought] vainly to achieve time-barred relief under 28 U.S.C. § 2255." *See DeWilliams v. Davis*, No. 07-cv-02513-REB-MJW, slip op. at 2 (D. Colo. Sept. 30, 2009) (unpublished) (ECF No. 68). On March 16, 2010, the Tenth Circuit agreed with the district court's characterization of Mr. DeWilliams § 2241 application, determined the application was really an unauthorized successive motion for relief under § 2255, vacated the district court's ruling denying the § 2241 application, treated Mr. DeWilliams' notice of appeal and appellate brief as an implied application for leave to file a successive § 2255 motion, and denied such leave because Mr. DeWilliams failed to come forth with newly discovered evidence or a new rule of law applicable retroactively to his case pursuant to 28 U.S.C. § 2255(h). *See DeWilliams v. Davis*, No. 09-1449, 369 Fed. App'x 912, 914 (10th Cir. Mar. 16, 2010).

In the instant action, Mr. DeWilliams asserts three claims: (1) that former Judge

Zita Leeson Weinshienk had no authority to alter and issue a "Clarification of Judgment"; (2) that the clarification order altered improperly and materially all his federal records; and (3) that the clarification order prejudiced and changed his relationship with the United States attorney who offered him a plea bargain.  As relief, he asks for the clarification order to be declared null and void and expunged from his federal records, or for his resentencing.

Mr. DeWilliams, again, is attacking his federal conviction and sentence. Magistrate Judge Boland informed Mr. DeWilliams in the order to show cause of May 9, 2011, that the purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established.  "A petition under § 2241 attacks the execution of a sentence rather than its validity." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "A 28 U.S.C. § 2255 petition attacks the legality of detention." *Id*. (citation omitted).  A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. DeWilliams has failed to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective.  The fact that Mr. DeWilliams sought and

5

has been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. DeWilliams likely is barred from raising his claims in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. However, for the reasons stated below, the application will not be denied and the action dismissed because Mr. DeWilliams has failed to demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective.

This action is another "thinly veiled application, which is brought in title only under § 2241, . . . seek[ing] vainly to achieve time barred relief under § 2255." *See* No. 07-cv-02513-REB-MJW, slip op. at 2 (ECF No. 68). Because Mr. DeWilliams cannot resort to § 2241 to challenge "the validity of his conviction and original sentence," *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009), *cert. denied*, No. 09-768 (U.S. Mar. 8, 2010), his § 2241 application is really an unauthorized successive motion for relief under § 2255.

Pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), Mr. DeWilliams must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251; *see also United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

A federal prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2255 must demonstrate that any claim he seeks to raise is based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

Mr. DeWilliams does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 application.  Assuming that he has not obtained such an authorization, the Court either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252.  The factors to be considered in deciding whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

The Court finds that none of the relevant factors favors a transfer.  Mr. DeWilliams' claims in the instant action are not based on newly discovered evidence or a new rule of law applicable retroactively to his case.  *See* 28 U.S.C. § 2255(h).  It also was clear when this action was filed that the Court lacked jurisdiction over Mr. DeWilliams' claims because they are time-barred.  As a result, the Court finds that a

7

transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that, although no certificate of  appealability appears to be necessary, to the extent that it may be, it is denied because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __17th__ day of ____June_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Judge

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00480-BNB

Gary DeWilliams
Reg. No. 20666-013
FCI - Englewood
9595 West Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on June 17, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk